IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION


STACY ABRAM, JR.                                                    PLAINTIFF


v.                                      No. 3:05CV00164 GH


CITY OF EARLE, ARKANSAS; ET AL.                                     DEFENDANTS


## ORDER

On August 26th, the Separate Municipal Defendants filed a motion to stay and for partial dismissal.  They request this action be stayed until plaintiff pays the costs incurred by them in responding to plaintiff's discovery requests in the previous litigation and appropriate attorney's fees; that this action be stayed until related litigation before Judge Eisele is resolved; plaintiff be prevented from bringing claims on behalf of his children; the claims under the Sixth Amendment, the Seventh Amendment, §1981, § 1982, and §1985 should be dismissed for failure to state a claim; the claims under the Fifth, Eighth, and Thirteenth Amendments are barred by res judicata; the state law tort claims of battery, outrage, and false imprisonment under the theory of respondeat superior are barred by statutory immunity; the claims under the Freedom of Information Act should be dismissed because the exclusive remedy is a state action under the state FOIA statute; and the claims against Malone, Johnson, Pickering, Barham, Selvy, Luckett, Cheers, Bowling, Layton, and Siddell should be dismissed because there are no facts indicating personal involvement or, in the alternative, they are immune from suit.

Plaintiff has not responded to this motion.

-1-

In the July 15, 2004 order filed in <u>Abram v. City of Earle</u>, 3:03CV00368 GH, permitting plaintiff to dismiss his case without prejudice, the Court specifically stated that defendants would be free to file an appropriate motion for duplicative costs in the event plaintiff refiled his claims. Furthermore, the Court notes that plaintiff filed a separate lawsuit on July 12, 2004 – <u>Abram v. Busby</u>, 3:04CV00245 GTE – that several times refers to certain overlapping events that were the subject of 3:03CV00368 GH and the current case and has also filed a Rule 60 motion in 3:03CV00368 GH.

Civil Procedure Rule 41(d) provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

In addition, the case of <u>Belle-Midwest, Inc. v. Missouri Property & Cas. Ins. Guarantee Ass'n</u>, 56 F.3d 977, 978-979 (8th Cir. 1995), provides the following guidance:

> In fact, this Court has held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled.  <u>Kern v. TXO Production Corp.</u>, 738 F.2d 968, 972 (8th Cir. 1984).

The Court finds the Earle defendants' argument regarding a stay until certain costs and fees from the prior action are paid is indeed very persuasive.  Counsel for the Earle defendants is directed to file an affidavit as to the requested costs and attorneys fees within 20 days of the file-date of this order.  Plaintiff will have 15 days thereafter in which to challenge the <u>reasonableness of the amount</u> of the requested costs and fees; his response is <u>not</u> to address whether costs and fees should be awarded as the Court has already made that determination in this order.

Also pending before the Court is the September 9th motion by the Turrell defendants to dismiss for failure to state a claim.  They argue that the only relevant allegations are that the City

employed Alvin Miller – although he did not met minimum requirements for a law enforcement officer – for a period of time following his employment with the City of Earle and is vicariously liable for him continuing to practice bad acts although they are not enumerated.  These defendants assert that even if the Court were to read the allegations as constituting a conspiracy between the City and its Mayor Lockhart, there is still a lack of a factual basis for the existence of a conspiracy.

Plaintiff responded on September 22nd that the complaint plainly enumerates the conduct of Miller towards plaintiff while he was employed by the City of Earle and the City of Turrell was aware of Miller's habits, conduct and that he did not possess the mental state to be a police officer, but employed him anyway where he used his position as chief of police to continue to influence his former colleagues on the Earle police force imposing vicarious liability pursuant to federal law; that he had been fired by Turrell in 1998 for misuse of powers, was rehired and then fired again so municipal liability is imposed; and Lockhart personally hired Miller knowing of his past problems and lack of qualifications.

The August 15th amended complaint contains the following specific references regarding the Turrell defendants:

(5)(i)  Defendant, City of Turrell, is a municipal corporation organized under the laws of the State of Arkansas, has the same duties and responsibilities as (k) above and is by duty and law required to hire police officers who meet the minimum standards of Arkansas Commission on Law Enforcement Standards and Training.

(5)(k)  Franklin Lockhart, was at all time relevant to these incidents which are the subject of this lawsuit, Mayor of the City of Turrell.

(43)  Notwithstanding, Miller's disqualifications as a police officer (criminal history, improper temperament, lack of mental capacity, history of physical abuse of citizens, and the fact that he engaged in criminal conduct while serving as a police officer in other jurisdictions, etc.) the City of Earle gave defendant Alvin Miller favorable recommendations for future employment which allows him to be hired as Chief of Police for defendant's City of Turrell.

(44)  Defendant's City of Turrell did not conduct the proper investigation, background check, and the other requirements of Arkansas Law before employing defendant Alvin Miller as Chief of Police.

(45)   The City of Turrell failure to follow the Arkansas Law before hiring defendant Alvin Miller allowed him to continue his illegal conduct toward plaintiff Stacy Abram Jr.

(95)   The City of Turrell did hire Alvin Miller as Chief of Police knowing that he did not meet the minium standards as required by the Arkansas Commission on Law Enforcement Standards and Training, nor did he possess the temperament, training or psychological profile.  He is also a known drug dealer and a sex offender.  His position with the City of Turrell allowed defendant Alvin Miller to continue to practice bad acts against plaintiff Stacy Abram, Jr. as defendant Miller maintained influence with the police officers with the City of Earle.  The policies and practices described above are the official policies of the City of Turrell.  Although the policies are not adopted by ordinance, the conduct of the City of Turrell, its customs, its usage, its practices described above in hiring and employing Alvin Miller are the official ordinances and laws adopted by the Turrell City Council.

The Court, in the August 2, 2004 order granting summary judgment in 3:03CV00368 GH,

dealt with the issue of the City of Turrell there as follows:

In light of the granting of summary judgment in favor of the Earle defendants and the dismissal of the unserved defendants, the only remaining defendant is the City of Turrell ("Turrell").  When the Court examines the complaint as to any mention of Turrell, the Court can find only two references which follow:

5.(k)   Defendant, City of Turrell, is a municipal corporation organized under the laws of the State of Arkansas, has the same duties and responsibilities as (a) above and is by duty and law required to hire police officers who meet the minimum standards of Arkansas Commission on Law Enforcement Standards and Training.

90.   The City of Turrell hired defendant Alvin Miller as Chief of Police knowing that he did not meet the minimum standards as required by the Arkansas Commission on Law Enforcement Standards and Training, nor did he possess the temperament, training, psychological profile, and is a sexual abuser.

Therefore, the plaintiffs are only alleging a claim against Turrell for violation of state standards.  As the Court is dismissing all claims over which it had original jurisdiction, i.e., federal question jurisdiction, the Court, pursuant to 28 U.S.C. §1367(c), declines to exercise supplemental jurisdiction over any claim plaintiffs may have against Turrell.

It appears that the allegations against the current Turrell defendants suffer the similar deficiencies.  The focus once again is on the failure of the Turrell defendants to comply with "Arkansas Law" standards.  Moreover, plaintiff has not alleged any facts or identified any of his rights under the United States Constitution or federal statutes that were violated by the Turrell defendants "hiring defendant Alvin Miller allowed him to continue his illegal conduct toward plaintiff Stacy Abram Jr."  Thus, plaintiff has failed to state a federal claim upon which relief can be granted as to the Turrell defendants and the Court declines to exercise supplemental jurisdiction over any state claims against them.

Accordingly, the portion of the Earle defendant's August 26th motion (#40-1) to stay this action until plaintiff pays the costs incurred by them in responding to plaintiff's discovery requests in the previous litigation and appropriate attorney's fees is granted.  Counsel for the Earle defendants is directed to file an affidavit as to the requested costs and attorneys fees within 20 days of the file-date of this order.  Plaintiff will have 15 days thereafter in which to challenge the reasonableness of the amount of the requested costs and fees.  The September 9th motion (#45) to dismiss by the Turrell defendants is also granted.

IT IS SO ORDERED this 2nd day of December, 2005.

_George Howard, Jr._
UNITED STATES DISTRICT JUDGE