IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

STACY ABRAM, JR.                                                                                    PLAINTIFF

v.                                              No. 3:05CV00164 GH

CITY OF EARLE, ARKANSAS; ET AL.                                                      DEFENDANTS

**ORDER**

By order filed on December 2nd, the Court granted the portion of the Earle defendants' motion to stay this action until plaintiff pays the costs incurred by them in responding to plaintiff's discovery requests in the previous litigation and appropriate attorney's fees. Counsel for the Earle defendants was directed to file an affidavit as to the requested costs and attorneys fees within 20 days of the file-date of that order. Plaintiff was advised that he would have 15 days thereafter in which to challenge the reasonableness of the amount of the requested costs and fees.

On December 9th, counsel for the Earle defendants filed an affidavit that they incurred $3,000 as duplicative and necessary costs actually caused by plaintiff's voluntary nonsuit – $2,000 for the required deposit in 3:03CV00368 GH to the Arkansas Municipal League which was forfeited with the nonsuit and the $1,000 extra incurred by the additional $3,000 new cost deposit with the filing of this current action due to the cost deposit increase beginning in 2004.

Plaintiff filed a response to the affidavit of December 29th that his motion for leave to proceed in forma pauperis was granted on July 27th and so attorney fees are unreasonable based on his indigent condition. He continues that the $3,000 sought is totally improper as counsel did not perform any services equal to $3,000 in this cause especially since most of the information sought

-1-

in 3:03CV00368 GH was due to plaintiff as part of the Arkansas Freedom of Information Act that was also sought in the lawsuit pending in the Circuit Court of Crittenden County.

He also filed a separate motion that same date to set aside the December 2nd order as being unconstitutional, illegal and not allowing him access to the Court and that the undersigned should have recused himself from making such an order and should recuse in this and all other cases involving plaintiff. Plaintiff then recounts his argument that Judge Reasoner improperly permitted the Earle defendants an extension of time to plead in 3:03CV00368 GH and that the undersigned erred in not referring the case back to Judge Reasoner to address that issue just as the other courts have failed to do.

On January 5th, the Earle defendants filed a response to plaintiff's motion to set aside the December 2nd order. They state that the Court granted them costs and attorney's fees and specifically stated that plaintiff had fifteen days to challenge the reasonableness of the amount – not whether they should be awarded; that plaintiff did not file a timely response by December 20th, but instead filed the motion on December 29th to set aside as well as the response regarding the bill of costs; and that the cost deposits were for the purpose of defraying all costs of litigation which deposits were more than consumed by the answer, motion for partial dismissal, motion to compel, motion for summary judgment and other various motions so that the affidavit submitted is reasonable.

As the Court stated in the December 2nd order, Civil Procedure Rule 41(d) provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

In addition, the case of <u>Belle-Midwest, Inc. v. Missouri Property & Cas. Ins. Guarantee Ass'n</u>, 56 F.3d 977, 978-979 (8th Cir. 1995), provides the following guidance:

In fact, this Court has held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled.  Kern v. TXO Production Corp., 738 F.2d 968, 972 (8th Cir. 1984).

The Eighth Circuit Court of Appeals addressed the issue of costs, albeit in a slightly different context, in the case of  Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003) as follows:

> Because Lampkins is indigent and incarcerated, he argues the district court abused its discretion in awarding costs to the Agents.  See Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (standard of review).  Lampkins contends the amount taxed works an economic hardship on him.  He also contends the twenty dollars in copying costs assessed were unsupported by documentation.
>
> A prevailing party is ordinarily entitled to recover costs.  Fed.R.Civ.P. 54(d); see 28 U.S.C. § 1920.  The Agents initially sought $9310.90 in costs.  The district court denied the costs associated with Lampkins's transportation to trial ($7747) and reduced other costs.  The district court awarded $1037.92 for deposition transcripts and copying.  The district court further recognized Lampkins would have a difficult time paying the costs due to his incarceration, but correctly noted an indigent prisoner is not immune from an assessment of costs.  See 28 U.S.C. § 1915(f)(2) (assessing costs against prisoners).  Because the district court properly considered Lampkins's indigency and incarceration before assessing costs, the district court did not abuse its discretion in taxing costs against Lampkins.

The December 29th motion for reconsideration mainly rehashes arguments related to the December 12, 2003 extension of time granted by Judge Reasoner that have previously been rejected by the courts – including the Eighth Circuit – and the Court finds no reason to revisit those arguments which do not deal with the current issue.  As to plaintiff's assertion that counsel for the Earle defendants did not perform any services equal to $3,000, plaintiff has not presented any evidence to controvert the affidavit regarding the forfeit of the $2,000 deposit incurred in 3:03CV00368 GH.  However, since Rule 41 only authorizes "payment of costs of the action previously dismissed," the Court finds that $2,000 is the proper amount of the costs that were expended in the prior action that were incurred again upon the refiling of this current case.  As the Earle defendants pointed out in their response to the motion to set aside, that $2,000 deposit was more than consumed by the costs and

attorney's fees incurred by the numerous pleadings filed in the prior action. While the Court is aware of plaintiff's status as an indigent, the Court firmly believes that factors such as the timing of the nonsuit and the refiling of this suit as well as the unsuccessful appeal of his co-plaintiff and his own completely meritless September 28th Rule 60 motion for relief filed in the 2003 case warrant the assessment of the reasonable costs of $2,000 against plaintiff.

Accordingly, plaintiff's December 29th motion (#52) to set aside the December 2nd order is denied. The Court hereby stays any further action in this case until plaintiff pays the Earle defendants the sum of $2,000 that has been incurred as a result of the previous nonsuit. In light of this stay, the Clerk is directed to administratively terminate this action in his records without prejudice to plaintiff filing a motion to reopen upon documented proof that he has fully paid the $2,000 to the Earle defendants.

IT IS SO ORDERED this 6th day of January, 2006.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE